FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2018 JUL 20 PM 3:13

DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JAYNER FERNANDEZ,

    Plaintiff,

v.

CAPITAL ONE BANK (USA), N.A.,

    Defendant.

Case No. 6:18-CV-01173-ORL-40GJK

## COMPLAINT

Plaintiff, JAYNER FERNANDEZ ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, CAPITAL ONE BANK (USA), N.A. ("Defendant"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 et seq., both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 47 U.S.C. §227(b)(3). *See Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012) holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA. Further, 28 U.S.C. §1367

grants this court supplemental jurisdiction over the state claims contained herein.

3. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C §1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

4. The alleged violations described in this Complaint occurred in Orange County, Florida.

## PARTIES

5. Plaintiff is a natural person residing in Orange County, in the city of Orlando, Florida, and is otherwise sui juris.

6. Defendant is a nationally chartered bank, doing business in the state of Florida, with its principal place of business located in McLean, Virginia.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant is a "person" as defined by 47 U.S.C. §153 (10).

9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

10. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

11. Plaintiff is a "consumer" as defined in Florida Statute §559.55(8).

12. Plaintiff is an "alleged debtor" and a "called party".

13. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (407) 733-XXXX.

14. Defendant placed collection calls to Plaintiff from various telephone numbers including, but not limited to, (800) 955-6600.

15. Upon information and belief and based on Defendant's prior business practices, Defendant's calls were placed with an automatic telephone dialing system.

16. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. §227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

17. Defendant's calls were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

18. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

19. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

20. On or about October 18, 2016, Plaintiff called Defendant's company at phone number (800) 955-6600, spoke with Defendant's representative named "Michael", and requested that Defendant cease calling Plaintiff's cellular telephone.

21. During the conversation, Plaintiff gave Defendant his social security number and telephone number in order to assist Defendant in identifying him and accessing Plaintiff's account before asking Defendant to stop calling his cellular telephone.

22. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on October 18, 2016.

23. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff starting on November 1, 2016.

24. Defendant continued to place collection calls to Plaintiff on his cellular telephone at least through March 2017.

25. Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff via the use of an automatic telephone dialing system, Defendant continued to place at least one hundred thirty-four (134) telephone calls via the use of an automatic telephone dialing system to Plaintiff's cellular telephone.

26. Defendant placed the great number of telephone calls to Plaintiff with the sole intention of harassing Plaintiff in such a manner so as to cause Plaintiff to pay the alleged debt claimed by Defendant, even when Plaintiff admittedly had no ability to pay. This telephonic harassment caused Plaintiff considerable anxiety and emotional distress.

27. Plaintiff has retained undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to Florida Statute §559.77 (2).

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. §227(b)(3)(B)

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §227 et seq.

30. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, JAYNER FERNANDEZ, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., as follows:

a. Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: one hundred thirty four (134) for a total of sixty seven thousand dollars ($67,000.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial; and

c. Granting Plaintiff such other and further relief as may be just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(3)(C)

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

33. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §227 et seq.

34. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 et seq., Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

35. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, JAYNER FERNANDEZ, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., as follows:

a. Awarding Plaintiff statutory damages of one thousand five hundred dollars

- 6 -

($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: one hundred thirty four (134) for a total of two hundred one thousand dollars ($201,000.00);

b.   Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial; and

c.   Granting Plaintiff such other and further relief as may be just and proper.

### THIRD CAUSE OF ACTION
### WILLFUL VIOLATIONS OF THE FLORIDA
### CONSUMER COLLECTION PRACTICES ACT FLA. STAT.. §559.55 et. seq.

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

37. At all times relevant to this action Defendant is subject to and must abide by the laws of the state of Florida, including Florida Statute §559.72.

38. Defendant violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

39. Defendant violated Florida Statute §559.72(7) by willfully engaging in conduct that can reasonably be expected to abuse or harass the debtor or any member of his family.

40. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff, JAYNER FERNANDEZ, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., as follows:

a.   Awarding Plaintiff statutory damages of one thousand dollars ($1,000.00) pursuant to the Florida Consumer Collection Practices Act, *Fla. Stat.* §559.77(2);

b.      Awarding Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

c.      Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial, valued at no less than fifteen thousand dollars ($15,000);

d.      Awarding Plaintiff punitive damages for Defendant's egregious conduct of continuously making automated collection calls even after Plaintiff required Defendant to cease and desist from doing so; and

e.      Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: July 16, 2018

RESPECTFULLY SUBMITTED,

BY: */s/ Jason S. Weiss*
Jason S. Weiss
Jason@jswlawyer.com
Florida Bar No. 356890
**WEISS LAW GROUP, P.A.**
5531 N. University Drive, Suite 103
Coral Springs, FL 33067
Tel: (954) 573-2800
Fax: (954) 573-2798
*Attorney for Plaintiff*

By: */s/ Carlos C. Alsina*
Carlos C. Alsina-Batista
Attorney for Plaintiff
The Law Offices of Jeffrey Lohman, P.C
4740 Green River Rd., Ste 206
Corona, CA 92880
T: (866) 329-9217 Ext. 1008
F: (657) 246-1311
E: CarlosA@jlohman.com
*Pro hac vice* application to follow